Judge Robertson
delivered the 'opinion of the Court.
On the 26th of January, 1820, Silas Harlan, executed his note to Elias Wingate, for $140, payable the 1st day of November, 1820.
On the 26th day of July, 1821, he executed his note with said Wingate as security, to William Warren, senior, for $154 30 cents, payable twelve months, from the date.
The note to Warren, was paid by Harlan. But Wingate having died, his personal representatives sued Harlan, in 1824, on the note for $140, and obtained ajudgment for the,amount.
Harlan filed his bill to enjoin this judgment; but no injunction was granted.
The bill charges that Wingate had bought promissory notes,, from W. Warren, on W. Claunch, and executed his note to Warren, for the price agreed to be given, with the complainant, as security; that af- *139 terwards, Wingate sold a part of the notes- on Claunch, to the complainant, for $140, and that the note,.on which the judgment prayed to be enjoined was rendered, was given for this consideration, and other. That afterwards, the complainant, at Win-gate’s request, executed the note to. Warren, for $154 30 cents, in part discharge of Wingate’s, note to, Warren, and in payment of his own note, to Win-gate, for $140. That Wingate therefore obtained a credit on his-note to Warren,.for $154 30.cents, and promised’ to surrender the note for $140 ; but.died.' without having done so.
if common law judge, & coneuV-rent jurisdic-defendfng^ himself, at law, cannot, ctwmeinto** chancery,
The representatives do not admit the allegations, of the bill; but stated that they know nothing on the subject.
Only two depositions were taken in the case, that of the subscribing witness, to the $140 note, and that of Joseph.Prewitt. The first proves only, that the consideration of the note, was a settlement about; or ■ a division of “some notes”. The last proves every allegation in the bill.
A.calculation of the interest, shews,.that the $140 note, would amount to $154, and a fraction on the day, on which the $154 note fell due. This coincidence, fortifies the inference,.from the depositions, that the note for $154 30 cents, was executed in consideration of the note, for $140. If therefore, this Were a case,.in which two witnesses, or one witness-with strong corroborating circumstances, would be necessary to outweigh the denial of an answer, the evidence is sufficient to justify a decree for Harlan,
But in such a case as this, one witness is enough*. The respondents had no personal knowledge* on the subject. Their refusal to admit any thing, was prudent, and1 a matter of course. The reason of the rule requiring two witnesses, does not apply to-such an answer, and. therefore, the rule itself, has no application.
Harlan might have made his defence at law. But his failure to do so, cannot deprive him of his right .to appeal to the chancellor for relief. When the common law judge, and the chancellor have concurrent jurisdiction, a party who makes defence at- law, cannot afterwards seek redress in chancery But if he *140 make no defence at law, he may ask relief of the chancellor.
The statute authorizing plea of payment after day, is cumulative, and does not oust the chancellor of his an-cientjurisdiction.
A payment, made in notes is good, if accepted as such.
On a bill of injunction filed, and no injunction actually obtained, if the chancellor dismiss the bill and dissolve the supposed, injunction, with damages, it is error.
fiarían, for plaintiffs.
At common law, “payment after the day,” could not be pleaded in an action at law. The only relief was in chancery. The statute authorizing a “payment after the day,” to be pleaded at law, is cumulative, not exclusive. It does not oust the chancellor of his jurisdiction. Whittington vs. Roberts,IV. Mon. 173. In this case, Harlan’s note to Wingate, was due before he executed the note to Warren.
A payment must be in money, or its equivalent, notes may be a good payment, if they are accepted as such; X. Johnson, 104. The execution of the note, therefore, to Warren, was a payment of that to. Win-gate, if Wingate agreed that it should be. 1 The proof on that subject is sufficient, although there are some reasons apparent on the face of Prewitt’s deposition, for not giving to it, the fullest credence.
The circuit court however, dismissed the bill, and dissolved the injunction with damages.
The decree for damages was erroneous, as there had been no injunction, and the dismission of the bill was also erroneous, for the reasons which have been assigned.
Wherefore, the decree of the circuit court is reversed, and the cause remanded, for a decree to be entered, enjoining the enforcement of the judgment, if it has not been satisfied, or if it has, a decree against the representatives for the amount.